## Mackrell *versus* Wolf.

1. The Act of April 15th 1869 (P. L. 30), by its express terms does not apply to any action by or against an executor.

2. In an action against an executor upon an instrument alleged to have been executed by his testator (prior to the Act of April 15th 1869), the execution of the paper cannot be proved by proof of the handwriting of a deceased subscribing witness, who was, at the time, a party interested therein.   Such proof is incompetent at common law, and the case is not within the Act of 1869.

October 26th 1883.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.  GREEN, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county :*  Of October Term 1883, No. 61.

Debt, by Charles F. Wolf, Henry Wolf, W. M. A. Wolf, Edward Currier and Christina his wife (late Wolf) in right of said wife, heirs of Charles F. Wolf, deceased, against Agnes A. Mackrell, executrix of the last will and testament of James Mackrell, deceased, upon two promissory notes under seal, purporting to be executed by said James Mackrell.  Plea, non est factum.

On the trial, before KIRKPATRICK, J., it appeared that the suit was brought upon the following notes :

"PITTSBURGH, January 2nd 1859

" I James Mackrell has received from Mrs. Charles Fredrick Wolf the sum of six hundred Dollars in Gold belonging to the heirs of Charles Fredrick Wolf I James Mackrell will pay the same amount to the heirs of Charles Fredrick Wolf inside of Twenty years with six per cent intrest I James Mackrell hold my hand upon this pen until signed and sealed.

" JAMES MACKRELL X [SEAL]

" Wittness Emily Wolf."

"PITTSBURGH June 14th 1861

" I James Mackrell has received from Mrs. Charles Fredrick Wolf the sum of Four hundred Dollars I James Mackrell will Pay the Same to Mrs. Charles Fredrick Wolf inside of Eighteen years or in case of death I will Pay the children of Mrs. Charles Fredrick Wolf with six per cent interest.

Witness :                    " JAMES MACKRELL X [SEAL]
     Emily Wolf,
     Augustus Wolf."

Charles Fredrick Wolf died in 1853 and his wife named in the notes as Mrs. Charles Frederick Wolf died in May 1878. James Mackrell, the alleged maker of the notes, died in January, 1879, and was over eighty years of age.  Emily Wolf, the

attesting witness to first note and one of the attesting witnesses to the second note, was a daughter of said Charles Frederick Wolf and said Mrs. Charles Frederick Wolf, and was a sister to the plaintiffs below. She was fourteen years of age at the date of the first note, and seventeen years of age at the date of the second note. She died in October 1861. Augustus Wolf, an attesting witness to second note, was a son of said Mr. and Mrs. Charles Frederick Wolf, and brother of the plaintiffs below. He died in 1862.

The notes and the signatures to them were not claimed to be in the handwriting of James Mackrell, but the plaintiffs claimed that they were executed by his making a mark or cross after his name had been written. James Mackrell could write his name but no more. Several witnesses proved that he was in the habit of signing his name as early as 1841 and as late as 1873. In rebuttal it was shown that about 1854 he signed papers with a mark, and his will dated February 26th 1877 was executed in this way.

Plaintiffs proved the signature of Emily Wolf the attesting witness and then offered the notes in evidence. Defendant objected on the ground that there had been no competent proof of the execution of these notes, the only evidence offered upon the part of the plaintiff is as to the signature of the attesting witness; the attesting witness was at the time of the execution of these notes an interested party. And the attesting witness being now dead, and if living would be an interested party and would be an incompetent witness upon the trial of this case, and that the notes offered cannot be proved by proving her handwriting. And still further there has been no sufficient proof of identity that James Mackrell, deceased, was the James Mackrell that was the party mentioned in that note.

Objection overruled and notes admitted. Exception.

The court instructed the jury if they believed the signatures to the notes to be the signatures of James Mackrell, to find for the plaintiff. Verdict for the plaintiff for $2,378.20 and judgment thereon. Defendant thereupon took this writ assigning for error the admission in evidence of the notes in suit.

*J. Erastus McKelvy,* for the plaintiff in error.—At common law if a subscribing witness to a bond be interested therein, as well at the time of attestation as at the trial, he cannot be examined as a witness to prove the execution, nor is proof of his handwriting sufficient for the purpose. Were Emily Wolf now living she would be a necessary party to the suit and therefore incompetent : Swire *v.* Bell, 5 T. R. 371 ; Nelius *v.* Brickell's Adm'r, 1 Haywood 25. This precise question has never been decided in this state, but is ruled by the analogy of

[Mackrell v. Wolf.]

Lessee of Hamilton v. Marsden, 6 Binney 45. The Act of April 15th 1869 does not apply to this case. The notes were dated long before its passage, and this suit was brought, after the death of James Mackrell, against his executor, thus bringing it directly within the exception. Further, there should have been some evidence to connect the defendant's testator, with the party signing the note, he being a marksman. Evidence of identity is always required in such cases : Whitelocke v. Musgrove, 1 C. & M. 511; Reap v. Featherstone, 4 Luz. Leg. Reg. 4; 1 Wharton on Evidence § 696 ; 2 Phillips on Evidence p. 425.

McClung (with whom was Robb), for the defendant in error.—The principle decided by the cases cited by plaintiff in error, does not cover this case. There, both the interest of the attesting witness and the law which excluded interested witnesses existed at the time of the attestation, and continuously until the time of trial. In this case the Act of 1869 intervenes, and makes an attestation by an interested party as good as an attestation by a disinterested one—the parties all living, as of course is the case when the paper is signed. Thus the attestation is made good, and the witness dying, it is proper to prove the handwriting by a competent witness : Powers v. McFerran, 2 S. & R. 45. The Act of 1869 applies to attestations before its passage as well as after. It simply affects the remedy. It has never been doubted that a contract made before the Act of 1869 but then incapable of proof, for want of a disinterested witness, can, since the Act, be established by the testimony of witnesses rendered competent by the Act, except of course cases where rights of property have meantime vested. The same principle applies to subscribing witnesses : Patterson v. Shrader, 12 W. N. C. 429.

Mr. Justice PAXSON delivered the opinion of the court, January 7th 1884.

This record presents the single question whether the paper upon which the suit below was brought was sufficiently proved to entitle it to go to the jury. It was admitted by the learned judge below, and this ruling was assigned for error here.

This was an action of debt brought by Charles F. Wolf et al. as heirs of Charles F. Wolf, deceased, against Agnes A. Mackrell, executrix of James Mackrell, deceased, upon two sealed instruments for the payment of money, purporting to be signed by James Mackrell, who was the testator of the defendant below. In each paper the promise to pay was " to the heirs of Charles Frederick Wolf inside of twenty years." Both papers were signed by Emily Wolf as a subscribing witness.

[Mackrell *v.* Wolf.]

It was admitted that she was one of the heirs of Charles Frederick Wolf, deceased, and had she lived would have been a necessary party plaintiff. At the time of the trial below she was deceased and the plaintiffs offered to prove her handwriting as a subscribing witness, which was allowed by the court.

We are of opinion that it was error to admit this evidence. At the time Emily Wolf signed the papers as a witness, she was an interested party, and hence disqualified. When the case was called for trial she could not have been examined, if living, for the reason that the suit was against an executor. The rule in such cases is that where a subscribing witness to a bond is interested therein, as well at the time of attestation as at the trial, he cannot be examined as a witness to prove the execution, nor is proof of his handwriting sufficient for the purpose : Swire *v.* Bell, 5 D. & E. 371; Nelius *v.* Brickell's Adm'r, 1 Haywood 25. Where, however, a subscribing witness becomes interested after subscribing, even by his voluntary act, his handwriting may be proved : Hamilton *v.* Marsden, 6 Binn. 45. It was urged, however, that the Act of 1869 having been passed after the attestation and before the trial, the case does not come within the rulings above cited. We are unable to see what the Act of 1869 has to do with this case. It does not apply to actions brought by or against executors or administrators. But it was urged that if the paper had been executed after the passage of the Act of 1869, the subscribing witness would not have been disqualified upon the ground of interest, and if so, it would be competent to prove her handwriting upon the trial. We do not propose to decide upon the effect of the Act of 1869 in the case of a subscribing witness, for it is not necessary to this case. The Act did not operate when the papers were signed, for it had not then been passed. It did not operate when the cause was tried for the reason already stated. All the Act does is to permit interested persons to testify in certain cases, with a proviso that in a particular class of cases it shall not apply. The case in hand belongs to the latter class.

The judgment is reversed and a venire facias de novo awarded.